## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TYKWAN JOHNSON f/k/a
TYKWAN WRIGHT; and TAVARIS                    CASE NO.:
MCCARTER, for themselves and on
behalf of those similarly situated,

       Plaintiffs,

vs.

JOHNSON'S TREE SERVICE AND
STUMP GRINDING, INC. a Florida
Profit Corporation; DAVID JOHNSON,
Individually; and DAYNA JOHNSON,
Individually,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, TYKWAN JOHNSON ("JOHNSON"), and TAVARIS MCCARTER ("MCCARTER") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendants, JOHNSON'S TREE SERVICE AND STUMP GRINDING, INC., a Florida Profit Corporation ("JOHNSON'S TREE SERVICE"); DAVID JOHNSON, Individually; and DAYNA JOHNSON, Individually, (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and state as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as

liquidated damages, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

3.      Venue in this Court is proper, as the acts and omissions alleged in this Complaint

took place in this judicial district, and Defendants regularly conduct business in this judicial

district.

## PARTIES

4.      At all times material hereto, Plaintiff JOHNSON was, and continues to be, a

resident of Lee County, Florida.

5.      At all times material hereto, Plaintiff MCCARTER was, and continues to be, a

resident of Lee County, Florida.

6.      Plaintiffs worked for JOHNSON'S TREE SERVICE in Lee County, Florida.

7.      At all times material hereto, JOHNSON'S TREE SERVICE was, and continues to

be, a Florida Profit Corporation engaged in business in Lee County, Florida

8.      Based on the information and belief, at all times material hereto, Defendant

DAVID JOHNSON is a resident of Lee County, Florida.

9.      At all times material hereto, DAVID JOHNSON owned and operated

JOHNSON'S TREE SERVICE.

10.      At all times material hereto, DAVID JOHNSON regularly held and exercised the

authority to:  (a) hire and fire employees of JOHNON'S TREE SERVICE; (b) determine the

work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the

finances and operations of JOHNSON'S TREE SERVICE.

11.     By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE, DAVID JOHNSON  is an employer as defined by 29 U.S.C. 201 *et. seq*.

12.     Further, at all times material hereto, DAVID JOHNSON was a manager for JOHNSON'S TREE SERVICE, acting in JOHNSON'S TREE SERVICE'S interest in directing the work of Plaintiffs, and the work of others similarly situated to Plaintiffs.

13.     Upon information and belief, at all times material hereto, DAYNA JOHNSON was a resident of Lee County, Florida.

14.     At all times material hereto, DAYNA JOHNSON was a Vice President Secretary at JOHNSON'S TREE SERVICE.

15.     At all times material hereto, DAYNA JOHNSON regularly held and exercised the authority to:  (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE.

16.     By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE, DAYNA JOHNSON  is an employer as defined by 29 U.S.C. 201 *et. seq*.

17.     Upon information and belief, DAYNA JOHNSON handled various aspects of running the day- to- day functions of Defendants' business, including but not limited to, payroll, directing the separation of payroll payments, and handling office functions.

18.     At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

19.     At all times material hereto, Defendants were "employers" within the meaning of FLSA.

20.     At all times material hereto, JOHNSON'S TREE SERVICE was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

21.     Based upon information and belief, the annual gross revenue of JOHNSON'S TREE SERVICE was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

22.     At all times material hereto, Defendant JOHNSON'S TREE SERVICE had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as trucks, machines, gloves, computers and telephones.

23.     At all times material hereto, the work performed by the Plaintiffs was directly essential to Defendants business.

## STATEMENT OF FACTS

24.     JOHNSON'S TREE SERVICE is a tree and stump removal service company, which operates in Florida.

25.     JOHNSON'S TREE SERVICE is owned and operated by DAVID JOHNSON.

26.     JOHNSON'S TREE SERVICE is managed and operated by DAYNA JOHNSON.

27.     DAVID JOHNSON was, at all times relevant to this action, Plaintiffs' supervisor.

28.     In September 2017, Defendants hired Plaintiff JOHNSON as a non-exempt foreman. Later, JOHNSON became a driver/operator for Defendants' business.

29.     JOHNSON's work included operating the truck and mini-skids, and hauling woodchips.

30.     In December 2017, Defendants hired Plaintiff MCCARTER as a non-exempt truck driver for Defendants' business.

31.     MCCARTER's work included picking up woodchips, and dumping trucks.

32.     At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a workweek.

33.     Despite working numerous overtime hours for Defendants, Plaintiffs were not paid an overtime premium for their overtime hours.

34.     Defendants used two separate payroll companies to avoid compensating Plaintiffs for their overtime hours worked.

35.     One payroll company would issue Plaintiffs a check for regular hours.

36.     The second payroll company would issue Plaintiffs a check for overtime hours, but would pay those hours at the regular rate, with no overtime premium.

37.     Defendants failed and/or refused to properly compensate Plaintiffs, and other drivers and/ operators ("those similarly situated"), at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

38.     Plaintiffs should be compensated at the rate of one and one-half times their

regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

39.     Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendants.

40.     The additional persons who may become Plaintiffs in this action also "worked" for Defendants as drivers and/operators and were denied proper overtime compensation for all of their overtime hours, due to Defendants' policy and practice of paying regular hours through one payroll company, and the overtime hours through a separate payroll company. Through this common policy and practice, Plaintiffs and those similarly situated were without any premium for overtime hours.

41.     Defendants have violated Title 29 U.S.C. §207   the term of Plaintiffs' employment, in that:

        a.     Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week during their employment with Defendants; and

        b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

42.     Defendants' failure and/or refusal to properly compensate Plaintiffs, and those similarly situated, at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiffs, and those similarly situated, for hours over 40.This is evident because

Defendants willfully split overtime hours into separate checks, paid through a separate payroll company.

43.     Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law.

44.     Defendants willfully separated Plaintiffs' pay, in order to avoid the proper compensation of overtime premiums.

45.     Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

46.     Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

47.     Throughout their employment, Plaintiffs worked in excess of forty (40) hours in many workweeks.

48.     Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours in excess of forty (40) worked in each workweek.

49.     Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

50.     Those similarly situated to Plaintiffs also worked similar hours, and performed similar duties for Defendants, but also were not paid any overtime premiums for hours over forty in a workweek.

51.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, and those

similarly situated, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

52.     Defendants' knowingly distributed Plaintiffs pay to two separate payroll companies to circumvent properly paying overtime premiums to Plaintiffs and those similarly situated.

53.     Defendants failed to properly disclose or apprise Plaintiffs, and those similarly situated, of their rights under the FLSA.

54.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

55.     Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated request: conditional certification, pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as drivers and/or operators in the three years preceding the filing of the Complaint; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages under the FLSA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 10th day of October, 2019.

Respectfully submitted,

Angeli Murthy, Esq.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiffs*